UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Bryan Larrimore, | ) C/A No. 4:09-1647-TLW-TER |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| Bank of New York Mellon | ) |
| Bank of New York Mellon Attention Share Owner Services, | ) |
| Defendants. | ) |

Introduction

Timothy Bryan Larrimore ("Plaintiff"), proceeding *pro se*, brings this civil action, and he paid the full filing fee.[1] Plaintiff alleges that the defendants should have stock certificates which Plaintiff purchased but that the defendants will not give him copies of the stock certificates, and Plaintiff complains that his access to the courts has been denied by a United States District Court judge in the Eastern District of North Carolina. Plaintiff seeks money damages. This action should be dismissed based upon frivolousness and lack of subject matter jurisdiction.

*Pro Se* Review – Filing Fee Paid

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The plaintiff's complaint is subject to review pursuant to the inherent authority of this Court.[2] *See e.g., Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868 (S.D.N.Y. 2000) (finding that where a non-prisoner *pro se* plaintiff paid the filing fee to bring a civil action, the action was subject to dismissal with prejudice because it presented no arguably meritorious claim); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678 (S.D.N.Y. 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous."). Additionally, a federal court is required *sua sponte* to determine if a valid basis for its subject matter jurisdiction exists, "and to dismiss the action if no such ground appears." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never

---

[2] The court recognizes that the plaintiff's complaint is *not* subject to review pursuant to 28 U.S.C. §§ 1915 or 1915A.

2

presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

Background

On June 22, 2009, Plaintiff filed a typed one-page complaint, with attachments, and he paid the $350 filing fee for a civil action. The complaint states that "this is a lawsuit against the Bank of New York," and he named the two defendants listed in the caption. (Compl. at 1). Plaintiff alleges verbatim that:

> The reason I am fileing in your jurisdiction is because Judge James C. Dever III says everything I say is a lie.
>
> Judge James C. Dever III is prejudice, and Judge James C. Dever III illegally dismissed my lawsuits and complaints violateing my federal law civil rights.
>
> 1st Amendment is the right to petition the courts using freedom of speech.
>
> I want $999,888,777,666,555,444,333,222,111.46 dollars from Judge James C. Dever III for him illegally dismissing my complaints and lawsuits, I bet the State of North Carolina gives him brivevy money to dismiss lawsuits against the crooked State of North Carolina.³
>
> Freedom of speech cases, demestic violence cases if two people are arguing but do not hit each other thats freedom of speech not demestic violence.
>
> Please file my papers so the judge will have something to do.

(Compl. at 1).

---

³ Plaintiff is *not* suing Judge James C. Dever, III, in this civil action.

On July 6, 2009, this court entered an order directing Plaintiff to bring this action into proper form, including that he complete a complaint form. (Docket Entry # 8). On August 6, 2009, Plaintiff submitted a complaint on the proper form. Therein, Plaintiff details his allegations against the Bank of New York Mellon Corporation and the Bank of New York Mellon. (Docket Entry # 16). His statement of claim verbatim is:

> I purchased Businessland stocks in 1991 at BB&T Bank, 127 W. Webster Street, Whiteville, North Carolina 28472. I told broker Charles Brent Hood at around 8:50 am I wanted to put all my about $11,000.00 dollars on Businessland stock at 7/8 a share automatic computer buy before the market opened. He did not follow instructions. The stock got bought out by JWP, my stock rolled over into JWP, then they changed the name to EMCOR Group Inc. Bank of New York Mellon has been holding my stocks for over 15 years and will not send me my stock certificates. My stocks have gone down in value and I demand $999,888,777,666,555,444,333,222,111.73 dollars because Bank of New York has frauded me, illegally holding my stock certificates and not mailing me the stock certificates for about 15 years or more. I demand a jury trial and I want to represent myself.

(Docket Entry # 16 at 3).

For his relief, Plaintiff seeks the following verbatim:

> I demand a jury trial, I want to subpoena all stock market records from New York Stock Exchange, 11th Wall Street, New York, New York 10005    Phone 1-212-656-3000   Subpoena all my stock tradeing from BB&T Bank, 127 W. Webster St, Whiteville, North Carolina 28472    Phone 1-910-914-9222,   Subpoena all information of my stocks from Bank of New York Mellon 1 Wall Street, 10th Floor, New York, New York 10286.    Subpoena Timothy Larrimore stock information from Bank of New York Mellon, 500 Grant Street, Suite 4444, Pittsburgh, Pennsylvania 15219,   Subpoena EMCOR Group Inc. to testify

(Docket Entry # 16 at 4).

Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re*

*Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 MOORE'S FEDERAL PRACTICE § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

Subject matter jurisdiction focuses on the power of the court to hear a claim. *See El-Hadad v. United States*, 377 F.Supp.2d 42, 46 (D.C. 2005). In this case, the court does not have the power to hear Plaintiff's claims or to grant the relief he requests. Although Plaintiff's legal causes of action are unclear, the factual allegations do not seem to pose any federal question under 28 U.S.C. § 1331.

Plaintiff does not point to a federal law that the defendant Bank of New York Mellon allegedly violated, nor does Plaintiff explain how that defendant allegedly violated the United States Constitution. In the light most favorable to Plaintiff, there are not factual allegations which state how this court plausibly has federal question subject matter jurisdiction over this action. *Cf. Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (May 18, 2009) (finding that a complaint must contain sufficient factual matter to state a claim for relief that is plausible not a sheer possibility that a defendant acted unlawfully).

Plaintiff may be attempting to allege a diversity action because Plaintiff is domiciled in North Carolina and the defendants are domiciled in New York and Pennsylvania, and Plaintiff seeks more than $75,000.00 in damages. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). However, to bring a cause of action under the diversity statute, Plaintiff must allege a state law civil cause of action. Here, the court gleans that Plaintiff attempts to allege a fraud claim against the defendants. Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud . . . ." Again, the court believes that Plaintiff's factual allegations related to a fraud claim are not plausible. *Cf. Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (May 18, 2009) (finding that a complaint must contain sufficient factual matter to state a claim for relief that is plausible not a sheer possibility that a defendant acted unlawfully). Thus, Plaintiff did not plausibly allege a cause of action pursuant to diversity jurisdiction.

Even if Plaintiff did allege sufficient facts to bring this action within the court's subject matter jurisdiction, the court believes that this case is frivolous and subject to summary dismissal. Plaintiff admits that the reason he filed this action in this United States District Court is because United States District Court Judge James C. Dever, III, "says everything I say is a lie" and "dismissed my lawsuits and complaints. . . ." This court has learned from Public Access to Court Electronic Records ("PACER") that Judge James C. Dever, III, in the United States District Court for the Eastern District of North Carolina, entered an order on April 2, 2009, which dismissed a civil action as frivolous and, among other things, sanctioned Plaintiff $2,000.00 for his continued abuse of the judicial system and directed Plaintiff to submit a copy of that order if he initiated a lawsuit in another district. *See* PACER Homepage, https://pacer.login.uscourts.gov/ (last visited August 7, 2009) (enter "All Court Types Search," "North Carolina" courts, and Petitioner's name – then enter 7:2009cv00037, docket entry # 3).[4] That order is currently on appeal to the United States Court of Appeals for the Fourth Circuit. *See Timothy Bryan Larrimore v. State of North Carolina, et al.*, C/A No. 7:09-00037-D (Docket Entry # 12, 13) (available in PACER). In other words, it appears that Plaintiff filed this action in this judicial district to avoid having to pay the $2,000.00 sanction in the United States District Court for the Eastern District of North Carolina, and it appears that there is no connection between this judicial district and the parties or the subject matter of the dispute. Moreover, in this action *sub judice* the factual allegations are nutty, delusional, and wholly fanciful,

---

[4] The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

7

and, thus, the action is frivolous. *See McLean v. United States*, 566 F.3d 391, 399 (4th Cir. May 21, 2009).

Additionally, to the extent Plaintiff brings this action to complain about Judge Dever's actions that allegedly deny Plaintiff access to the courts, this is not the appropriate forum. As noted previously, Plaintiff has a direct appeal pending in *Timothy Bryan Larrimore v. State of North Carolina, et al.*, C/A No. 7:09-00037-D (Docket Entry # 12, 13) (available in PACER), wherein he may request relief from the Fourth Circuit Court of Appeals. This court does not have subject matter jurisdiction over Plaintiff's dispute with Judge Dever who is not even a named defendant.

## Recommendation

It is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

|  |  |
|---|---|
| | s/Thomas E. Rogers, III |
| October 26, 2009 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).